UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAKIM PAULIN,

                              Plaintiff,

v.                                                 22-CV-06133-CJS

C. SZEMATOWICZ, E. GORDON,          DECISION and ORDER
G. DOOMAN,

                              Defendants.

_____

## INTRODUCTION

*Pro se* Plaintiff, Rakim Paulin, formerly an inmate in the custody of the New York

State Department of Corrections and Community Supervision ("DOCCS"), paid the filing

fee and filed this action seeking relief under 42 U.S.C. § 1983 alleging that Defendants

violated his federal constitutional rights while he was confined at Wyoming Correctional

Facility.  Now before the Court are two applications by Defendants: 1) a motion (ECF No.

27) to dismiss the action pursuant to Rules 37 and 41 of the Federal Rules of Civil

Procedure ("Fed. R. Civ. P.") due to Plaintiff's failure to appear at a scheduled deposition

on April 24, 2023, or, in the alternative, for a monetary sanction (stenographer's fee); and

2) a second motion (ECF No. 51) to dismiss the action pursuant to Rules 37 and 41 due

to Plaintiff's failure to appear at a scheduled deposition on August 22, 2023, or, in the

alternative, for a monetary sanction (stenographer's fee).   For reasons discussed below

the motions are denied, though without prejudice to renew in the event Plaintiff again fails

to comply with his discovery obligations without substantial justification.

## BACKGROUND

       The reader is presumed to be familiar with the docket sheet and papers submitted

for and against the subject applications.  Briefly, Defendants maintain that on April 24, 2023, and August 22, 2023, Plaintiff failed to appear at scheduled depositions without notice, both times causing Defendants' counsel to incur stenographer "no show" fees. Defendants contend that Plaintiff also failed to prosecute this action in various other specified ways, but the motion is primarily directed at the missed depositions.

More particularly, on March 20, 2023, after re-scheduling a prior deposition at Plaintiff's request, Defendants served a deposition notice on Plaintiff at the address he had provided to the Court and to opposing counsel, scheduling a deposition via Webex on April 24, 2023, at 10:00 a.m.  Plaintiff failed to appear at the deposition or to otherwise contact Defendants' counsel.

On May 4, 2023, Defendants filed the first motion to dismiss (ECF No. 27), indicating that Plaintiff had failed to appear for the deposition without explanation, causing Defendants' counsel to incur a stenographer's fee in the amount of $225.  The application also noted other instances in which Plaintiff had failed to prosecute the action.

On May 9, 2023, the Court issued an Order (ECF No. 28) directing Plaintiff to show cause in writing why the action should not be dismissed for failure to prosecute, since it was unclear whether he was still interested in pursuing the action.

That same day, May 9, 2023, Plaintiff sent a notice to the Court indicating that his address had changed and that he was confined in the Dutchess County Jail.  Prior to that, the address that Plaintiff had provided to the Court and opposing counsel was 31 Eliza Street, Apartment #102, Beacon, NY 12508 (ECF No. 16), which is where Defendants had sent the deposition notice. (ECF No. 26).

On May 30, 2023, Plaintiff filed a response (ECF No. 30) to Defendants' motion to

dismiss, asserting in pertinent part that he never received the deposition notice and that Defendants' counsel had orally agreed to put off depositions until after the parties finished exploring settlement.   Plaintiff did not file a separate response to the Court's Order to Show Cause.

On June 2, 2023, Defendants' counsel filed a reply affirmation (ECF No. 31) reiterating that the deposition notice had been served on Plaintiff at the address he provided, that Plaintiff had failed to appear for the deposition without explanation, and that she had never agreed to forego depositions to pursue settlement discussions.

On July 27, 2023, Plaintiff notified the Court and opposing counsel (ECF No. 39) that he was out of jail and that his mailing address was once again 31 Eliza Street, Apartment #102, Beacon, NY 12508.   On July 28, 2023, Defendants filed another deposition notice (ECF No. 40) which they also served on Plaintiff at the address he had provided, scheduling a deposition on August 22, 2023 at 10:00 a.m..   Plaintiff failed to appear for the deposition without explanation.

On September 5, 2023, Plaintiff filed written notice (ECF No. 49) that he was once again confined at the Dutchess County Jail.   (The Court observes that according to published news reports, on or about August 21, 2023, Plaintiff was arrested and charged with assault following an incident in Poughkeepsie on August 20, 2023).

On September 6, 2023, Defendants filed the second motion to dismiss (ECF No. 51), contending that Plaintiff had failed to appear for the deposition on August 22, 2023, again without any prior notice to Defendants' counsel, causing Defendant's counsel to incur an additional stenographer's fee of $99.80.

Subsequently, on September 7, 2023, the undersigned issued a Text Order

stating, in pertinent part:

> Now before the Court are two motions by Defendants, seeking dismissal of this action as a sanction, in response to Plaintiff's alleged repeated failures to cooperate with discovery. Plaintiff opposed the first such motion, denying Defendants' allegations, see, [#30], and presumably will also oppose the second. Additionally, it appears that Plaintiff has been in and out of custody recently. Consequently, to the extent Plaintiff has failed to comply with Defendants' discovery demands, it is unclear whether such failure was intentional. Consequently, the Court will hold the motions in abeyance until after Magistrate Judge Pedersen has had an opportunity to conduct a conference with the parties to attempt to address the various discovery disputes. The undersigned will separately contact Magistrate Judge Pedersen's chambers and request that he schedule such a conference. Plaintiff is cautioned, however, that his failure to cooperate in such a conference may result in the dismissal of this action.

ECF No. 52.

On September 14, 2023, Plaintiff filed a response (ECF No. 54) to Defendants' second motion to dismiss, indicating that he had been arrested on August 20, 2023, and sent to the Dutchess County Jail without bail, where he had remained until after the scheduled deposition.  Plaintiff further stated that he did not have his legal papers with him at the jail and that his failure to notify Defendants' counsel that he could not attend the deposition on August 22, 2023 was therefore "substantially justified."  Further, Plaintiff attempted to shift blame onto Defendants' counsel, scolding her for failing to contact the Dutchess County Jail before filing her second motion to dismiss, and requesting that the Court admonish Defendants to "stop submitting meritless motions."

On December 1, 2023, Magistrate Judge Pedersen conducted a conference in accordance with the aforementioned text order, in which Plaintiff participated, and during which the parties essentially reiterated their positions taken in their respective papers

concerning the Motions to Dismiss.[1]

On December 6, 2023, Defendants filed and served a notice (ECF No. 62) to take Plaintiff's deposition on January 18, 2023, at 10:00 a.m., at the Dutchess County Jail where Plaintiff remains confined.

**DISCUSSION**

Defendants have moved to dismiss the action pursuant to Fed. R. Civ. P. 37 and 41, due to Plaintiff's failure on two separate occasions to appear for scheduled depositions without notice to Defendants' counsel.  Defendants also request a monetary sanction for stenographer fees incurred due to such failure.

Of course, because Plaintiff is proceeding *pro se* he is entitled to special solicitude, and to have the Court construe his submissions liberally to raise the strongest arguments they suggest.  Moreover, district courts are generally forbidden to dismiss *pro se* actions for procedural deficiencies in all but "extreme" situations.[2]  At the same time,

> [a]ny litigant in federal court, including *pro se* litigants, must abide by court rules and procedures, [and] "[a]lthough *pro se* litigants should be afforded latitude, they 'generally are required to inform themselves regarding procedural rules and to comply with them,'" especially in civil litigation. *LoSacco v. City of Middletown*, 71 F. 3d 88, 92 (2d Cir. 1995) (internal citations and quotations omitted).

*Ezeh v. McDonald*, No. 13-CV-6563, 2017 WL 4217170, at *2 (W.D.N.Y. Sept. 20, 2017).

Rule 37(d)(1)(A) provides that courts may impose sanctions on a party who "fails, after being served with proper notice, to appear for that party's deposition."

Pursuant to this Rule, a court may award a variety of sanctions but "must" require the recalcitrant party or its attorney or both "to pay the reasonable

---

[1] This information was conveyed to the undersigned's staff by Magistrate Judge Pedersen's Law Clerk.
[2] *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]istrict courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant.").

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3).

***

Under Rule 37, "[c]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Klein v. Torrey Point Grp., LLC*, 979 F.Supp.2d 417, 442, 2013 WL 5761401, at *20 (S.D.N.Y. Oct. 23, 2013) (quoting *Underdog Trucking, L.L.C. v. Verizon Servs. Corp*., 273 F.R.D. 372, 377 (S.D.N.Y.2011)). Rule 37 places the burden of proof on the disobedient party to show "that his failure is justified or that special circumstances make an award of expenses unjust." *See Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir.2008) (citation omitted); *accord Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P*., 274 F.R.D. 115, 117 (S.D.N.Y.2011).

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014). "It is well-established . . . that a party applying for sanctions under Rule 37(d) is *not* required to prove that the party who failed to attend the deposition acted in bad faith." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. at 149 (collecting cases, emphasis added). "A party applying for fees under Rule 37(d) is allowed to recover reasonable expenses to the extent that those expenses were 'caused' by the opposing party's discovery violation." *Id*. (citation omitted). "The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used 'only in extreme situations.'" *King v. Demars*, No. 921CV1202BKSML, 2023 WL 5018488, at *5 (N.D.N.Y. June 15, 2023) (quoting *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990)), report and recommendation adopted, No. 921CV1202BKSML, 2023 WL 4446654 (N.D.N.Y. July 11, 2023).

Courts also have authority to dismiss actions for failure to prosecute under Rule 41, though, again, dismissal is a harsh remedy to be utilized only in extreme situations.

6

*See, McCray v. Lee*, No. 16-CV-1730 (KMK), 2023 WL 7112707, at *1 (S.D.N.Y. Oct. 27, 2023) ("This Court has the authority to dismiss a case for failure to prosecute. See Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  . . .  Dismissal under Rule 41(b) is subject to the sound discretion of the district courts. *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004). However, the Second Circuit has stated that a Rule 41(b) dismissal is a harsh remedy to be utilized only in extreme situations.") (citation and internal quotation marks omitted).

Here, the Court finds that on two separate occasions Plaintiff, after being served with proper notice, failed to appear for his deposition without any notice to Defendants' counsel and without substantial justification.  In that regard the Court credits Plaintiff's explanation that he was in jail both times.  However, the Court does not credit his assertion that Defendants' counsel agreed to hold off conducting discovery, or that he did not receive mail sent to him at his home address.  Moreover, even if Plaintiff was in jail, it was because of his own misconduct, and, more importantly, in both instances he could have notified Defendants' counsel that he would be unable to attend the depositions.  On this point, while Plaintiff implies that he was unable to do so since he did not have his legal papers with him at the jail, he could have nevertheless easily located a telephone number and/or address for the Office of the New York State Attorney General.  There is no indication that he ever made any effort to do so.  Nor did Plaintiff ever provide any apology or explanation to Defendants' counsel after the fact.  Rather, Plaintiff did not acknowledge the fact that he had missed the depositions until after Defendants filed their

motions to dismiss, and then he blamed Defendants' Counsel (and the Court's Pro Se Clerk) for his failures.  For these various reasons the Court finds that Plaintiff clearly violated Rule 37(1)(A)(i) by twice failing to appear for his deposition without substantial justification.

However, the Court does not presently consider this to be an "extreme" case warranting dismissal, and accordingly the motion to dismiss is denied.  Further, while Plaintiff's actions resulted in the Attorney General's Office incurring $324.80 in stenographer fees, they Court is disinclined to order Plaintiff to pay such fees at this time, since, although he paid the filing fee in this action and apparently has funds, he is presently incarcerated.  However, in the event that Plaintiff fails to participate in the deposition scheduled for January 18, 2024, or otherwise unjustifiably fails again to participate in discovery and/or follow the Court's scheduling orders, the Court will consider revisiting these decisions.

CONCLUSION

Defendants' Motions to Dismiss (ECF Nos 27 & 51) are denied, without prejudice to renew in the event that Plaintiff fails to participate in discovery going forward.  Plaintiff is specifically warned that any additional failures by him to comply with his discovery obligations without substantial justification may result in sanctions up to and including the dismissal of the entire action.

SO ORDERED.

Dated: Rochester, New York
       January 11, 2024                              ENTER:

                                                     CHARLES J. SIRAGUSA
                                                     United States District Judge

8